## SOUTHERN RY. CO. v. CAROLINA COAL & ICE CO.

(Circuit Court of Appeals, Fourth Circuit. February 15, 1907.)

No. 711.

COURTS—FEDERAL COURTS—CIRCUIT COURT OF APPEALS—APPEALABLE ORDERS —ORDER DENYING PRELIMINARY INJUNCTION.

Under Act April 14, 1906, 34 Stat. 116, c. 1627, regulating appeals to the Circuit Court of Appeals from interlocutory orders, such an order refusing a preliminary injunction is not appealable.

Appeal from the Circuit Court of the United States for the Western District of North Carolina.

Charles A. Moore (William B. Rodman, on the brief), for appellant. James H. Merrimon, for appellee.

Before GOFF, Circuit Judge, and MORRIS and DAYTON, District Judges.

(Circuit Court of Appeals, Fourth Circuit. February 15, 1907.)

No. 712.

INJUNCTION—PRELIMINARY INJUNCTION—DISCRETION OF COURT.

A preliminary injunction directed in part against each of the parties to a suit to determine rights in certain land and right of way adjacent to a railroad station, designed to preserve the status of the property until final hearing, *held* properly granted in the exercise of the court's discretion.

Appeal from the Circuit Court of the United States for the Western District of North Carolina.

Charles A. Moore (William B. Rodman, on the brief), for appellant. James H. Merrimon, for appellee.

Before GOFF, Circuit Judge, and MORRIS and DAYTON, District Judges.

PER CURIAM. The Carolina Coal & Ice Company, of North Carolina, filed its complaint in the state court against the Southern Railway Company, of Virginia, asserting title to and possession of certain lands and buildings and a spur track located on land adjacent to the station of the Southern Railway Company at Asheville, N. C., and praying an adjudication of its rights, and meantime for an injunction to prevent the railway company from entering said land and constructing its buildings, tracks, and sidings thereon and destroying the buildings and track of the coal and ice company, as the railway company was about to do, to the irreparable injury of the coal and ice company.

The case was removed into the Circuit Court of the United States, and the circuit judge, after a hearing, entered an order permitting the railway company to prosecute the construction of its tracks on any land or right of way not actually occupied by the spur track or buildings of the coal and ice company, but awarding a preliminary injunction against the railway company restraining it from interfering with that part of the lands and right of way actually occupied by the coal and ice company, and restraining the coal and ice company from further constructing any building on the land claimed by the railway company as its right of way. From the granting of this injunction, the Southern Railway Company has appealed.

The purpose and effect of the interlocutory injunction was not to determine any right, but merely to continue the existing conditions and prevent a resort to force by either of the contesting parties until their respective rights could be defined and determined by judicial investigation and decision. We think the preliminary injunction was called for by the situation, and that under all the facts made to appear by the affidavits the circuit judge properly exercised his judicial discretion in granting it.

Decree affirmed.